**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FREDERICK WHITFIELD**                                                         **PETITIONER**
ADC #114291

**VS.**                     **NO. 4:14CV00671-JLH-BD**

**JOHN FELTS, Director,**
**Department of Community Correction**                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

## II.     Introduction

Petitioner Frederick Whitfield filed the pending petitions for a writ of habeas corpus under 28 U.S.C. §2254.  (Docket entries #2, #4, and #5)  Respondent John Felts filed a response arguing, in part, that Mr. Whitfield's petition is moot because he has been granted parole, subject to his completion of a substance abuse education program.  (#9, #9-2)  The Court ordered Mr. Whitfield to file a reply to address whether he has been released on parole, and, if he has been released, to identify specific, concrete injuries he is currently suffering due to his parole revocation.  (#12)  Mr. Whitfield has now responded to the Court's order, stating that he is still incarcerated.  (#13)  For the reasons set forth below, Mr. Whitfield's habeas petition should be DISMISSED, without prejudice.

## III.    Discussion

Mr. Whitfield filed a petition and two amended petitions after the State revoked his parole.  (#2, #4, #5)  In the petitions, Mr. Whitfield does not attack the underlying conviction that led to his incarceration, but rather, the proceeding through which his parole was revoked.  (#2, #4, #5)  Mr. Whitfield claims that his parole was wrongly revoked based on a positive drug test.  According to Mr. Whitfield, the person

administering the test failed to consider his legitimate prescribed medication.[1]  Mr. Whitfield seeks immediate release from incarceration.[2]

Mr. Whitfield can obtain relief in a federal habeas corpus action only after he has exhausted all of his available remedies in state court.  See *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Prieser v. Rodriguez*, 411U.S. 475, 489–90 (1973); 28 U.S.C. § 2254.  A claim is considered exhausted only after a claimant has afforded state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the state's review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 1731-32 (1999); see also *Huss v. Maschner*, 168 F.3d 493 (8th Cir. 1998) ("[a] petitioner's state remedies are exhausted when the state's highest court has had an opportunity to rule on the factual and theoretical substance of the petitioner's claims").

Here, to exhaust his state court remedies, Mr. Whitfield was required to appeal the parole revocation decision to the Arkansas Parole Board.  In spite of being notified of his right to appeal on October 9, 2014, Mr. Whitfield did not present his arguments to the Arkansas Parole Board.  (#2, #4, #5, #9-1)

---

[1]At the revocation hearing, Mr. Whitfield pleaded guilty to violating condition number 1 of his parole (that he report to his parole officer) and condition number 6 (that he not use alcohol or controlled substances).  He testified that he was on nine different medications and did not know what they contained that could cause him to test positive for cocaine.  (#9-1)  He denied smoking marijuana but admitted to being around it.  (*Id.*)

[2]Mr. Whitfield also seeks money damages, which he can pursue by filing a claim under 28 U.S.C. § 1983, but only after his parole revocation has been reversed by the highest state court or a federal habeas court.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Had Mr. Whitfield appealed to the Board, he could have then appealed the Board's decision to an Arkansas court pursuant to the Arkansas Administrative Procedures Act, which provides that any person may seek review of the agency's final decision in state court within thirty days.  ARK.CODE ANN. § 25–15–212(b)(1); *Webb v. Bishop*, 242 Ark. 320, 325 (1967)("when our State Penitentiary Board revokes a parole, that revocation can be set aside in the courts if it be shown that the Board acted arbitrarily or capriciously. Such an attack must be by direct proceeding").  Mr. Whitfield was required to raise his claim in state court prior to filing the current petition, and the time for doing so has passed.  (#2, #4, #5)  Accordingly, Mr. Whitfield's claim must be dismissed.

### IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Whitfield has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Whitfield has not provided a basis for issuing a certificate of appealability.

### V.    Conclusion

The Court recommends that Frederick Whitfield's petition for writ of habeas (#2) corpus and amended petitions for writ of habeas corpus (#4, #5) be dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 24th day of March, 2015.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE